FILED
SUPERIOR COURT
OF GUAM

2020 NOV -5 PM 4: 14

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DANILO ALCALDE ZALDARRIAGA, | Superior Court Case No. <u>DM0243-20</u> |
| Plaintiff, | |
| vs. | **DECISION & ORDER** |
| MERLINDA TOLENTINO ZALDARRIAGA, | |
| Defendant. | |

This matter came before the Honorable Judge Elyze M. Iriarte on October 19, 2020, upon Plaintiff Danilo Alcalde Zaldarriaga's request to the Court for an Order allowing Zaldarriaga to serve process on Defendant Merlinda Tolentino Zaldarriaga through publication and mailing. After reviewing the moving papers and the relevant law, Plaintiff's Motion for Order for Service by Publication is DENIED. Plaintiff is directed to effectuate service under the Hague Convention.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a verified complaint for divorce with this Court on July 20, 2020, and on October 19, 2020, moved to serve Defendant by mailing and publication. Plaintiff declares that Defendant resides in the Philippines at R. Mapa Street, Tabucan Mandurriao, Iloilo City, Republic of the Philippines 5000. Aff. (Danilo) Zaldarriaga ¶ 3 (Oct. 19, 2020).

## II. LAW AND DISCUSSION

Plaintiff seeks to accomplish service under Guam law and rules. First, section 14106 of Title 7 of the Guam Code Annotated provides, "[w]here the person on whom service is to be made has . . . departed from Guam, and cannot, after due diligence, be found on Guam . . . and

ORIGINAL

the fact appears by affidavit to the satisfaction of the court . . . such court or judge may make an order that the service be made by publication of the summons and by mailing the complaint and summons." 7 GCA § 14106(a). Second, the Guam Rules of Civil Procedure similarly provide, "[w]henever a statute or order of court thereunder provides for service of summons . . . . upon a party not an inhabitant of, found within Guam, service shall be made by publication in a newspaper of general circulation for the prescribed time and by mailing such summons, notice or order to the last known residence." GRCP 4(o).

However, the Guam Rules of Civil Procedure also recognize for individuals residing in a foreign country, service may be accomplished by means authorized by the Hague Convention. GRCP 4(f). The Hague Convention governs the service of summons on persons in foreign countries that have signed the treaty. In such circumstances, state and federal service rules for service in those countries are then preempted: "By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *See Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699 (1988). Therefore, according to federal law, when a foreign jurisdiction is a party to the Hague Convention, this Court must defer any local provision for service of process (such as Rule 4(o)) and instead follow international treaties.

That applies to this case as the Republic of the Philippines has very recently adopted the Hague Convention and issued specific guidelines on accomplishing service within its borders. The Republic of the Philippine's participation in the Hague went into effect on October 1, 2020--prior to the filing of the motion. *See* Republic of the Philippines Supreme Court Administrative Order No. 251-2020 available at https://sc.judiciary.gov.ph/13552/. The Administrative Order provides specific guidance for service of process within its borders. This includes ensuring that the documents are in English or Filipino and that they are sent to the

ORIGINAL

Central Authority, which then effectuates service upon the individual. See Adm. Order No. 251-2020 (Supreme Court of the Philippines).[1]

Moreover, under the Hague Convention, Convention Done at the Hague Nov. 15, 1965; T.I.A.S. No. 6638 (Feb. 10, 1969), there is no mention of service by publication. Further, Article 1 of the Hague Convention states, "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.* However, "[p]ublication does not require transmittal of documents abroad . . . [therefore] service by publication does not implicate the Hague Convention, because it is not 'service abroad' within the meaning of Article 1." *Eto v. Muranaka*, 57 P.3d 413, 423 (Haw. 2002) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. at 700). Thus, the Hague Convention does not permit service by publication as an effective means of service.

## III.    CONCLUSION

Based on the foregoing, Plaintiff's Motion and Order for Service By Publication is DENIED. Plaintiff is directed to accomplish service of process through the means authorized by the Hague Convention as adopted by the Republic of the Philippines.

SO ORDERED this 5th day of November 2020.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorney:
Mark Williams, Esq., Law Office of Mark Williams, P.C., for Plaintiff Danilo Alcalde Zaldarriaga

---

[1] Article 1 of the Hague Convention provides that "[t]his convention shall not apply where the address of the person to be served with the document is not known." Convention Done at the Hague Nov. 15, 1965, Art. 1. Thus, if Plaintiff can make a showing that a valid address is not known for Defendant, then the requirements of The Hague Convention can potentially be bypassed, and service could be effectuated by publication and through the mail pursuant to Guam law. However, as it stands now, Plaintiff is aware of an address for Defendant in the Philippines and has made no showing that address is not valid. Therefore, the Hague Convention must be followed.

ORIGINAL

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
M. Williams

Date: 11/5/20  Time: 4:00pm